Argued and submitted October 5, affirmed December 6, 1989

# HAUSAM,
*Respondent,*

*v.*

# TICOR TITLE INSURANCE COMPANY,
*Defendant,*

# AL SCHMIDT EQUITY TRUST et al,
*Appellants.*

(85-1550; CA A50965)

783 P2d 39

J. Michael Alexander, Salem, argued the cause for appellants. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Robert G. Higgins, McMinnville, argued the cause for respondent. With him on the brief was Haugeberg, Rueter, Stone, Gowell & Fredricks, P.C., McMinnville.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The defendant trustees of a business trust appeal from a summary judgment for plaintiff, holding them personally liable in this action arising out of a transaction between plaintiff and the trust.[1] The trust instrument had not been submitted to and filed by the Secretary of State in accordance with ORS 128.575. The only issue that the trustees raise is whether the trial court erred in concluding that they therefore do not enjoy personal immunity from liability for trust obligations under ORS 128.585. We hold that they do not and affirm.

ORS 128.575 provides, in relevant part:

"(1)  Any business trust desiring to do business in this state shall first submit to the Office of Secretary of State two copies of the trust instrument creating such trust and any subsequent amendments thereto and an original and one true copy of a document setting forth [certain information].

"* * * * *

"(3)  If the Secretary of State finds that the document contains the required information, the Secretary of State, when all fees have been paid, shall file the trust instrument and document and so notify the sender."

ORS 128.585 provides:

"The trustees, shareholders or beneficiaries of a business trust shall not, as such, be personally liable for any obligations of such business trust arising after June 25, 1971. Persons becoming trustees, shareholders or beneficiaries after June 25, 1971, shall not be personally liable, as such, for obligations of the business trust existing on June 25, 1971."

ORS 128.590 provides:

"For purposes of ORS 128.585, filing of the trust instrument by the Secretary of State shall be conclusive evidence that all conditions precedent required to be performed by the business trust have been complied with and that the business trust is authorized to do business in this state, except as

---

[1] The action was dismissed as to defendant Ticor Title Insurance Company in a separate judgment. The judgment from which this appeal is taken does not, by its terms, run against the trust as well as the trustees. However, the judgment was made final pursuant to ORCP 67B. The individual appellants suggest that omission of the trust was unintentional. Be that as it may, the judgment is appealable, and the only defendants who are affected by the issue on appeal are the trustees.

against this state in a proceeding to cancel or revoke the filing for violations of the provisions of ORS 128.580."[2]

Plaintiff argues that a trust's compliance with the filing requirement is a condition precedent to the application of the immunity provision to its trustees. The trustees take the opposite view and contend:

> "The provisions of ORS 128.585 do not base the limitation of personal liability on filing, but on the existence of a business trust. It is the nature of the entity which results in the lack of personal liability, not the formalities of filing. In this instance, the Plaintiff submitted an Affidavit that the trust in question was a business trust. The only issue of fact should have been whether or not such business trust did in fact meet the definition of ORS 128.560. If such was the case, then there would be no personal liability, regardless of filing."

It is correct that ORS 128.585 itself makes no reference to filing and, by itself, could appear to confer immunity on trustees solely by virtue of the existence of the trust entity. However, that statute is *in pari materia* with, and cannot be read independently of, the others that we have quoted. ORS 128.575 provides that a business trust desiring to do business in the state must *first* meet the filing requirement. ORS 128.590 provides that the filing by the Secretary establishes that the trust has satisfied all conditions precedent and is authorized to do business in the state. The clear import of those statutes is that, for a business trust to exist and operate lawfully, the filing requirement must have been satisfied. Moreover, the logic of the statutory scheme is that only a lawfully organized trust, with the authority to conduct business, can come within the immunity provision. If a trust cannot transact business, there would be no potential liability to serve as the predicate for immunity.

The trustees appear to regard the "conclusive evidence" under ORS 128.590 only as an available means of proving the existence of a business trust, and they assume that

---

[2] ORS 128.560 defines "business trust":

"A 'business trust' is any association, including a real estate investment trust, engaged in or operating a business under a written trust agreement or declaration of trust, the beneficial interest under which is divided into transferable certificates of participation or shares, other than a trust engaged solely in exercising the voting rights pertaining to corporate shares or other securities in accordance with the terms of a written instrument."

the statute does not define substantive prerequisites to the trust's existence. They conclude that, if the existence of the entity can be proved by other means, the immunity conferred by ORS 128.585 applies. We disagree.

ORS 128.590 relates to the establishment of certain facts *for purposes of ORS 128.585.* The relevant inquiry, in our view, is not whether ORS 128.590 provides an exclusive means of *proving* facts, but *what* facts it contemplates the proof of, *i.e.,* a trust's compliance with conditions precedent to and its authority to conduct business. The need to prove those facts "for purposes of" the immunity statute means that the term "business trust," as used in that statute, refers to a trust that has met the prerequisites for and is authorized to do business. Under ORS 128.575, the filings with and by the Secretary of State are a prerequisite. It follows that the trustees here are not immune from personal liability under ORS 128.585.

Affirmed.